

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIR EDUARDO SANCHEZ MENDEZ,<br><br>Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden Imperial Regional Detention Facility, et al.,<br><br>Respondents. | Case No.:  26-CV-3196 JLS (DEB)<br><br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Emir Eduardo Sanchez Mendez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 1).  Also before the Court are Respondents' Return to Habeas Petition ("Ret.," ECF No. 4) and Petitioner's Traverse ("Traverse," ECF No. 5).

Petitioner has resided in the United States since December 2023 and alleges that he has been detained since April 15, 2026, when he was arrested outside a gas station.  Pet. at 2.  Petitioner claims that he is entitled to release because he was released "on his own recognizance on December 1, 2023." *Id.*  Respondents report that "DHS has no evidence regarding any December 1, 2023, encounter."  Ret. at 1.  In the Traverse, Petitioner concedes that he was not given a formal release on his own recognizance, but rather he was arrested, placed in the back of a border patrol vehicle, held for three hours, then dropped

26-CV-3196 JLS (DEB)

off at a bus station in El Paso, Texas.  Traverse, Ex. A at 10.  Petitioner argues that this short detention followed by his release creates a liberty interest requiring the Government to provide notice and a hearing prior to his re-detention.  Traverse at 1.

Petitioner cites several cases in the Southern District that have released habeas petitioners based on summary revocation of conditional parole or release on their own recognizance without notice or an opportunity to be heard.  *See, e.g.*, *Garcia v. Mullin*, No. 26-CV-2241-RBM-MSB, 2026 WL 1142629, at *2 (S.D. Cal. Apr. 27, 2026); *Faizyan v. Casey*, No. 25-CV-2884-RBM-JLB, 2025 WL 3208844, at *7 (S.D. Cal. Nov. 17, 2025).  Petitioner provides no authority, and the Court is unaware of any, extending this line of cases to the fact pattern at issue—a three-hour detention in the back of a border patrol vehicle without any formal grant of parole or release on recognizance.  Therefore, the Court cannot grant release.

However, Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  Ret. at 2.  Respondents acknowledge that, while *Bautista* is stayed, "prior orders from this District direct[] bond hearings pursuant to 8 U.S.C. § 1226(a) in similar cases."  *Id.*  Respondents "therefore do not oppose an Order requiring such a hearing for Petitioner."  *Id.*  Therefore, the Petition (ECF No. 1) is **GRANTED IN PART**.

### CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) and **ORDERS** the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the

---

[1] On March 6, 2026, the Ninth Circuit granted an administrative stay of the *Bautista* decision "insofar as the district court's judgment extends beyond the Central District of California."  *Maldonado Bautista, et al. v. United States Department of Homeland Security, et al.*, No. 26-1044, ECF No. 5 (9th Cir. March 6, 2026).  Therefore, the Court resolves the Petition without reliance on *Maldonado Bautista*.

26-CV-3196 JLS (DEB)

basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.  The non-citizen bears the burden of demonstrating, by a preponderance of the evidence, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).  The Court **DENIES IN PART** the Petition to the extent that Petitioner requests to be released from custody.

The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by <u>July 10, 2026</u>. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  June 18, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-3196 JLS (DEB)