UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIR EDUARDO SANCHEZ MENDEZ,<br><br>                    Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden Imperial Regional Detention Facility, et al.,<br><br>                    Respondents. | Case No.:  26-CV-3196 JLS (DEB)<br><br>**ORDER GRANTING IN PART MOTION TO ENFORCE JUDGEMENT**<br><br>(ECF No. 9) |

Presently before the Court is Emir Eduardo Sanchez Mendez's Motion to Enforce the Judgment ("Mot.," ECF No. 9).  Also before the Court are Respondents' Response in Opposition ("Opp'n," ECF No. 11) and Petitioner's Reply ("Reply," ECF No. 12).

On June 18, 2026, the Court granted in part Petitioner's habeas petition (ECF No. 1), finding that "Petitioner is a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 25-CV-1873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025)."  ECF No. 6 ("Order") at 2.  The Court ordered "the Government to provide Petitioner with an individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days, unless Petitioner, the non-citizen, requests a continuance."  *Id.*  The Court further specified the burden of proof to be applied at the hearing: "The non-citizen bears the burden of demonstrating, by a preponderance of the

evidence, that they are not a danger to the community or a flight risk." *Id.* at 3 (citing *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) ("If at [the § 1226(a) hearing] the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." (citations omitted)).

Petitioner received a bond hearing on June 30, 2026. Mot. at 3. At this hearing, the immigration judge ("IJ") stated twice that the burden was on Petitioner "by clear and convincing evidence" to demonstrate that he is not a flight risk or danger to the community. *Id.*; *see also* Mot., Ex. 2 ("Transcript") at 67 ("In this case, based upon the habeas order, the Respondent has the burden, by clear and convincing evidence, to show that he is not a risk of flight or a danger to the community."); Transcript at 73 ("The Respondent in this case has the burden to show, by clear and convincing evidence, that they are not a risk of flight or danger to the community.").[1]

"District courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings." *Bayani v. LaRose*, No. 26-CV-266-JES-VET, 2026 WL 1270059, at *3 (S.D. Cal. May 8, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011)). "[T]he Court retains jurisdiction to determine whether a party has complied with its earlier habeas order." *Lara v. Bondi*, 26-CV-1125-RSH-BJW, 2026 WL 892021, at *2 (S.D. Cal. April 1, 2026) (citing *Leonardo*, 646 F.3d at 1160). "Federal courts also have jurisdiction to review whether the agency properly applied the burden of proof." *Cano v. LaRose*, No. 25-CV-3334-DMS-KSC, 2026 WL 1912081, at *1 (S.D. Cal. July 2, 2026) (citing *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024)).

Here, the Court finds that the IJ explicitly applied the incorrect burden of proof at the June 30, 2026, bond hearing. The Court ordered a bond hearing under 8 U.S.C. § 1226(a), which places the burden on the non-citizen to demonstrate *by a preponderance of the evidence* that they are not a danger to the community or a flight risk. *See Rodriguez*

---

[1] The "Respondent" in immigration custody redetermination hearings is the non-citizen.

26-CV-3196 JLS (DEB)

*Diaz*, 53 F.4th at 1197.  The IJ stated twice that Petitioner bore the burden to demonstrate by *clear and convincing evidence* that he was not a danger to the community or a flight risk.  The Court's Order explicitly required the IJ to apply the preponderance of the evidence standard.  *See* Order at 3.  Therefore, the Court finds that the IJ applied the incorrect burden of proof and **GRANTS IN PART** Petitioner's Motion to Enforce Judgment (ECF No. 9).[2]

The Court **ORDERS** the Government to provide Petitioner with a second individualized bond hearing under 8 U.S.C. § 1226(a) within <u>fourteen (14) days</u>, unless Petitioner, the non-citizen, requests a continuance.  Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a **preponderance of the evidence**, that they are not a danger to the community or a flight risk.  *See Rodriguez Diaz*, 53 F.4th at 1197.  The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by **August 28, 2026**.  The Clerk of Court **SHALL CLOSE** the file.

IT IS SO ORDERED.

Dated:  August 4, 2026

Hon. Janis L. Sammartino
United States District Judge

---

[2] The Court denies the Motion in so far as it requests release.  If Petitioner is denied bond, Petitioner can later challenge the sufficiency of the second bond hearing.  *See Singh v. LaRose*, No. 26-CV-1425 JLS (GC), 2026 WL 1387428 (S.D. Cal. May 18, 2026).

3

26-CV-3196 JLS (DEB)