UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

EMIR EDUARDO SANCHEZ MENDEZ,

Petitioner,

v.

JEREMY CASEY, et al.,

Respondents.

Case No.: 26-CV-3196 JLS (DEB)

**ORDER GRANTING IN PART MOTION TO ENFORCE JUDGMENT**

(ECF No. 16)

Presently before the Court is Petitioner Emir Eduardo Sanchez Mendez's Motion to Enforce Judgment ("Mot.," ECF No. 16). Also before the Court is Respondent's Response in Opposition ("Opp'n," ECF No. 19) and Petitioner's Reply (ECF No. 21). For the reasons set forth below, the Court **GRANTS IN PART** the Motion.

**BACKGROUND**

Petitioner, a citizen of Venezuela, was detained by the Department of Homeland Security ("DHS") on April 13, 2026. Mot. at 2. He filed a Petition for Writ of Habeas Corpus, ECF No. 1, and the Court ordered Respondents to provide Petitioner with an individualized bond hearing, ECF No. 6. Although Respondents provided a hearing, the immigration judge ("IJ") explicitly applied the incorrect burden of proof. *See* Order Granting in Part Motion to Enforce Judgment, ECF No. 13 at 2–3 ("Order"). The Court

ordered a second bond hearing. *Id.* at 3. Respondents provided that bond hearing on August 18, 2026. Mot. at 3. There, the IJ found that Petitioner was a flight risk and the risk could be mitigated with a $20,000 bond. *See* Transcript, ECF No. 16-2, at 23 ("Transcript").

Petitioner filed the present Motion arguing that Respondents did not comply with the Court's Order since the IJ failed to consider Petitioner's financial circumstances and alternative release conditions. *See generally* Mot. The government opposes. *See generally* Opp'n.

**DISCUSSION**

Irrespective of the prudential exhaustion doctrine, district courts have the authority to review compliance with prior orders granting habeas relief, including orders for bond hearings. *Leonardo v. Crawford*, 646 F.3d 1157, 1161 (9th Cir. 2011); *Diallo v. Casey*, No. 26-CV-2167 RSH (BLM), 2026 WL 1834391, at *2 (S.D. Cal. June 25, 2026). "The party challenging compliance with the bond order bears the burden of proof, and ambiguities are resolved in favor of the non-moving party." *Bayani v. LaRose*, No. 26-cv-0266-JES-VET, 2026 WL 1270059, at *3 (S. D. Cal. May 8, 2026).

"When questions require a close review of agency-found facts," like an IJ's finding of dangerousness or flight risk in a bond hearing, "we review for an abuse of discretion." *Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024); *see also Y.S.G. v. Andrews*, No. 2:25-CV-1884-SCR, 2025 WL 2979309, at *8 (E.D. Cal. Oct. 22, 2025) (applying abuse of discretion standard to review compliance with an order for bond hearing on habeas). Mere disagreement with an IJ's bond decision is outside the scope of judicial habeas review. *See Rodriguez-Diaz v. Garland*, 53 F.4th 1189,1212–13 (9th Cir. 2022).

But the government's discretion in immigration bond hearings remains "constrained by the requirements of constitutional due process limits." *Lu v. Divver*, No. 26-CV-781-JES-DEB, 2026 WL 1755174, at *2 (S.D. Cal. June 2, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 981 (9th Cir. 2017)). An IJ must consider "the detainee's financial circumstances," as well as "possible alternative release conditions," to "ensure that the

conditions of their release will be reasonably related to the governmental interest in ensuring their appearance at future hearings[.]" *Hernandez*, 872 F.3d at 990–91 ("A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests."); *Gomez Infante v. Blanche*, No. 26-CV-2554-LL-MSB, 2026 WL 2621292, at *2 (S.D. Cal. Sep. 4, 2026)

The Court finds that the IJ abused his discretion by failing to consider Petitioner's financial circumstances and alternative release conditions when setting the bond amount. *See Hernandez*, 872 F.3d at 991. The Court does not reweigh evidence or review the IJ's determination that Petitioner presented a risk of flight. As stated by Respondents, the IJ had wide discretion in deciding the factors that may be considered during a bond hearing. Opp'n at 2; *In re Guerra*, 24 I&N Dec. 37 (BIA 2006). But after determining Petitioner was a flight risk that could be mitigated by bond, the IJ provided no basis for the amount. Transcript at 23. There was no way for the IJ "to know whether a lower bond or an alternative condition would adequately serve [the government's legitimate detention purpose.]" *Hernandez*, 872 F.3d at 991.

Under *Hernandez*, other district courts determined that an IJ abuses their discretion when they set the bond amount without considering financial circumstances and alternative conditions. *See, e.g., Gomez Infante*, 2026 WL 261292, at *2; *Mayorquin Arias v. Warden, Adelanto ICE Processing Center*, No. 26-CV-3412-ACCV, 2026 WL 2547265, at *5 (C.D Cal. Aug. 28, 2026); *Manuel Garcia Ugalde v. Blanche*, No. 26-CV-1243-APG-EJY, 2026 WL 2475030, at *4 (D. Nev. Aug. 21, 2026); *Xihui Huang v. Blanche*, No. 26-CV-2157-BAT, 2026 WL 2271901, at *8 (W.D. Wash. July 15, 2026).

However, immediate release is not the appropriate remedy. The Court granted Petitioner's habeas petition on the basis that he was a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1084 (C.D. Cal. 2025). If the Court were to order Petitioner's release at this stage, the Court would need to determine exhaustion and constitutional sufficiency, which would exceed the scope of this Order. *See*

*S.E. v. Noem*, No. 26-CV-356-DAD-SCR, 2026 WL 836327, at *2 (E.D. Cal. Mar. 26, 2026)

## CONCLUSION

Based on the foregoing, the Court **GRANTS IN PART** Petitioner's Motion to Enforce Judgment (ECF No. 16) and **ORDERS** the Respondents to provide Petitioner with a third individualized bond hearing under 8 U.S.C. § 1226(a) within fourteen (14) days unless the Petitioner, the non-citizen, requests a continuance. Bond **SHALL NOT** be denied on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention. The non-citizen bears the burden of demonstrating, by a **preponderance of the evidence**, that they are not a danger to the community or a flight risk. *See Rodriguez Diaz*, 53 F.4th at 1197. If the immigration judge determines that bond is appropriate, the immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay. The Parties **SHALL FILE** a status report informing the Court of the outcome of the hearing or informing the Court of Petitioner's request for a continuance by **November 6, 2026**. Petitioner's request for immediate release is **DENIED**. The Clerk of Court **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated: October 23, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge